Bassett v. Waters.

---

No. 21,773.

ALBERT J. BASSETT, *Appellant*, v. JOHN C. WATERS, and HUGH LARIMER, as Sheriff of Shawnee County, *Appellees*.

### SYLLABUS BY THE COURT.

JUDGMENT—*Alimony in Gross Sum—Subject to Assignment—Enforcement by Assignee*. A divorce was granted to a wife for the aggression and fault of the husband, and as an incident to the judgment an award of alimony for a gross sum payable in three installments was made to the wife. It was further provided that the payment of the alimony adjudged should be in full of all claims for alimony or on any other account, against the husband, and in an action to enjoin the enforcement of the judgment for alimony it is held that the judgment is final and conclusive, subject to assignment, and enforceable in the same manner as an ordinary judgment for debt.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 7, 1918. Affirmed.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*Joseph G. Waters,* and *Eugene S. Quinton,* both of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to enjoin the enforcement of a judgment for alimony. A demurrer to plaintiff's petition was sustained, and from this ruling he appeals.

From the petition, it appears that Ludie Bassett sued her husband for a divorce, and after a trial on October 13, 1916, a judgment was given in her favor. It recites:

"It is ordered, adjudged and decreed that the plaintiff be and she is hereby divorced of and from the defendant for his fault and wrong as set forth in plaintiff's petition; that the plaintiff, Ludie Bassett, be and she is hereby awarded alimony in the sum of fifteen hundred dollars, five hundred dollars to be in cash of which two hundred and fifty dollars has already been received, and five hundred dollars a year for a period of two years hereafter, payable one and two years from date hereof."

The custody of a son was given to the husband, and it was further provided that payment of the alimony adjudged should be in full of all claims for alimony or on any other account against the husband. He paid $1,000 of the amount adjudged, after which, and on November 1, 1916, she assigned the judgment to the defendant, John C. Waters. On October 2, 1917, a few days before the last installment became due, she died. The defendant, John C. Waters, was proceeding to enforce the judgment by execution, when this proceeding was begun. The contention of the plaintiff is, that the award of alimony was strictly personal for the support of the divorced wife; that it was subject to modification; and that it terminated upon her death. The nature and effect of the judgment must be determined from its terms. The court had power to decree alimony to the wife in the form of support payable periodically, which would be subject to modification on account of changed circumstances, or to award her permanent alimony in the form of a final judgment enforceable as an ordinary judgment at law. (*Scott v. Scott*, 80 Kan. 489, 103 Pac. 1005.) As will be observed, the judgment in question was not a periodical allowance for the maintenance and support of the former wife, but it was absolute in form and for a gross sum based on the marriage obligation of the husband, with all the characteristics and conclusiveness of any other judgment for debt. The finality of such a judgment has been determined in a case where permanent alimony was awarded in a lump sum payable in installments, which was held to be absolute and conclusive, not only as to the divorce, but as to the question of alimony, and it was held that the court was without power thereafter to change the judgment because of a change of circumstances, or for any other reason. (*Mitchell v. Mitchell*, 20 Kan. 665.)

It has been said that:

"A decree of alimony is generally considered a debt of record as much as any other judgment for money. Accordingly the wife in whose favor an allowance has been made occupies the position of a judgment creditor

of her husband, and as such she is entitled to avail herself of all the remedies given to judgment creditors. Thus she is entitled to the issuance of execution to enforce the payment of the award, and the same may be levied on the personal property of her husband or on his real estate if necessary." (1 R. C. L. 951.)

(See, also, *Coffman, Admr., et al., v. Finney, Admr., et al.,* 65 Ohio St. 61.)

The fact that the lump-sum judgment awarded the divorced wife was payable in three installments did not take from it the character of finality. (*Mayer v. Mayer,* 154 Mich. 386.) Whatever the rule may be in other states, judgments for alimony in the form and character of the one under consideration are final and conclusive, subject to assignment, and, in the absence of a reservation therein, may be enforced as ordinary judgments for debt are enforced.

Judgment affirmed.