Heston v. Finley.

No. 25,958.

JOHN F. HESTON, *Appellee*, v. J. L. FINLEY, *Appellant*.

SYLLABUS BY THE COURT.

1. VENUE—*Action in Personam—Residence of Parties.* An action *in personam* and for equitable relief, other than for the adjudication of interests in real property, can only be commenced in a county where the defendant resides or can be summoned.

2. PROPERTY—*Money Judgment—Situs.* A money judgment is a form of intangible personal property, the situs of which is the domicile of the assignee of the judgment.

3. JUDGMENTS — *Set-off — How Governed.* The setting off of judgments is governed by equitable considerations, and such set-offs are not permissible where intervening rights would be prejudiced thereby.

4. SAME—*Set-off—Assigned Interest in Judgment.* Where defendant's client obtained a judgment against plaintiff in Kansas, and plaintiff later obtained a judgment against defendant's client in Colorado, and defendant acquired a lien on the Kansas judgment and later an assignment of his client's interest in that judgment before plaintiff effectively commenced proceedings to set off his Colorado judgment against the Kansas judgment, the rights of defendant in the Kansas judgment do not yield to plaintiff's subsequent demand that his Colorado judgment be set off against the Kansas judgment, and defendant's right to realize on the Kansas judgment duly assigned to him may not be interfered with by injunction at the instance of the Colorado judgment creditor.

5. SAME—*Merger of Lien and Assignment—Election of Holder.* When the holder of a *bona fide* lien on a judgment afterwards acquires all the remaining interest of the judgment creditor by assignment, the holder's rights as lienee and as assignee do not necessarily merge, as the matter is governed by the interest and unconstrained election of the holder, and the lien and assignment cannot be regarded as merged to his prejudice by judicial decree.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed June 6, 1925. Reversed.

*E. F. Murphy*, and *E. E. Euwer*, both of Goodland, for the appellant; *T. F. Garver*, of Topeka, of counsel.

*George D. Freeze*, and *T. E. Stewart*, both of Goodland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in the nature of a creditor's bill to set off a Colorado judgment against a Kansas judgment and to enjoin the lienee and assignee of the Kansas judgment from attempting to enforce it, and for other relief.

A brief statement of the earlier litigation will develop the points involved herein:

On July 15, 1921, a judgment was entered in the district court of Sherman county, Kansas, in favor of *Albert Chaplin* against *John F. Heston,* for $699.20. The defendant in the present case, *J. L. Finley,* a lawyer of St. Francis, *Cheyenne county,* was attorney for *Chaplin* in the Sherman county litigation. On October 26, 1921, Finley filed notice of an attorney's lien upon the Sherman county judgment, service being made on Heston's attorneys. The amount of the lien claimed was $451.

On May 24, 1922, Heston recovered judgment against Chaplin for $3,658 in the district court of Elbert county, Colorado. This defendant Finley acted as attorney for Chaplin in the Colorado litigation, and on June 9, 1922, in payment for his services and expenses therein, Chaplin assigned to Finley his remaining interest in the Sherman county judgment. This assignment was recorded in the Sherman county district court on June 22, 1922, and on July 3, 1922, Finley obtained an order of court substituting him as judgment creditor in lieu of Chaplin.

Soon after obtaining judgment in Sherman county, Kansas, against Heston, Chaplin became a resident of Colorado, and after Heston obtained his Colorado judgment against Chaplin some sort of proceeding was instituted in Sherman county to have the Colorado judgment set off against the Kansas judgment. The appellee's brief says that proceeding "was not successful on account of the assignment to said Finley of the Kansas judgment having been made prior to its commencement." Later Finley set about the matter of realizing on the Kansas judgment, and to that end he got out executions and instituted garnishments against debtors of Heston; and in an attempt to frustrate such proceedings this action in Sherman county was begun.

Finley first made a special appearance, showing he was a resident of Cheyenne county, and challenged the jurisdiction of the court. This being overruled, he reserved his objection to the jurisdiction and filed an appropriate demurrer to the petition. This also being overruled, Finley answered, renewing his objection to the jurisdiction, challenged the sufficiency of the petition as if by demurrer, and set up in detail all the facts upon which his lien on the Kansas judgment was perfected and the subsequent assignment of Chaplin's interest in it to him.

The oral testimony and documentary proof developed no partic-
ular dispute over the facts, and the trial court dictated an opinion
which may be regarded as informal findings of fact and conclusions
of law, and gave judgment for plaintiff, in part as follows:

"The attorney's lien was made and attempted to be made a part of the
record prior to the time when the assignment was taken by the defendant in
this case. An assignment was made, and in accordance with the terms thereof
defendant purported to become the entire owner of the judgment, for it is
provided in said assignment 'that all rights, title and judgment in and to the
judgment obtained in the above-entitled case is sold, assigned and transferred
to J. L. Finley'; that being the case, as far as the defendant's interests are
concerned, he became the owner of the judgment, and could not have a lien
at that time on his own judgment, because he was the owner thereof, no more
than one who holds a mortgage on real estate can, after acquiring the title
thereto by warranty deed, still hold a lien thereon while enforcing rights un-
der his warranty deed, because the titles are merged into the larger and
greater title, represented by such warranty deed. So it is here, and the attor-
ney's lien, whatever the force it had, became absorbed and entirely erased by
the assignment of the entire judgment itself, and no longer possessed any
right to an enforcement thereof, because the two matters are inconsistent with
each other and cannot both be relied upon, for the lien is antagonistic and
contrary to the other, and, as the assignment is the last act, it is superior to
and supersedes the attorney's lien itself. . . .

"And the court further finds that the judgment in Colorado . . . in the
case of J. F. Heston against Albert Chaplin . . . should be allowed as
offset on said Kansas judgment to the amount of $824.51.

"The court further finds that the said defendant should be permanently
enjoined in this action from further proceedings towards the collection of a
case of Albert Chaplin against John F. Heston, . . . either as assignee of
judgment or attorney for Albert Chaplin, or upon his attorney's lien filed in
said case of *Chaplin v. Heston.* . . .

"It is therefore by the court considered, ordered and adjudged, that the said
Colorado judgment of J. F. Heston against Albert Chaplin be and the same
is hereby offset against the Kansas judgment of Albert Chaplin against John
F. Heston to the amount of $824.51, the present amount of said Kansas
judgment.

"It is further ordered and adjudged that the attorney's lien of said de-
fendant, J. L. Finley, has been abandoned by him, and the same is hereby
held to be absorbed and merged in the assignment made by Albert Chaplin
to J. L. Finley, assigning to said J. L. Finley, defendant, all the right, title
and interest of said Albert Chaplin in and to the said judgment rendered in
the case of *Chaplain v. Heston,* . . .

"It is further ordered and adjudged that the said assignment be set aside
and held for naught.

"It is further ordered, adjudged and decreed that the temporary restraining
order or injunction, heretofore allowed, become permanent, and said defendant,
J. L. Finley, is forever restrained and enjoined from proceeding further towards

the collection of said judgment, entitled Albert Chaplin against John F. Heston, . . . or from further proceeding under his said assignment or from further proceeding under his said attorney's lien on said judgment."

Defendant appeals, assigning various errors, some of which are serious.

And first as to the question of jurisdiction: Finley was a resident of Cheyenne county. This action was for equitable relief and the judgment obtained was *in personam*. An action of that nature and to procure a judgment responsive thereto, except to adjudicate interests in real property (R. S. 60-501, 60-509), can only be commenced in a county where the defendant resides or can be summoned. (R. S. 60-509; *Close v. Wheaton,* 65 Kan. 830, 70 Pac. 891; *Hembrow v. Winsor,* 94 Kan. 1, and citations, 145 Pac. 837.) Against this rather obvious proposition appellee argues that courts have general jurisdiction over their own judgments, and that where the property is within the jurisdiction of the court it is immaterial whether the defendants are within the jurisdiction. Such an argument merely illustrates how rules which are sound enough in themselves may lead litigants and courts far afield when their application is not restricted within proper limitations. Courts *do* have general jurisdiction over their own judgments, but that general jurisdiction does not confer power, after the term, to strip a lienee or a *bona fide* assignee of a judgment of his interest in it. Once the term has gone by, the judgment may not be meddled with, minimized or rendered abortive in any respect except by order of a higher court in a properly appealed case, or by a petition filed in the original case in the trial court, and reciting such facts as would warrant the relief sought, all in conformity with the provisions of the code. (R. S. 60-3005 *et seq.*) Moreover, property in a money judgment is an intangible sort of property and its situs is wherever the owner resides. In *Hook v. Hoffman,* 16 Ariz. 540, 547, this general question received exhaustive treatment. It was said:

"All property must have its situs; that is, its situation or location. Real estate has always a fixed situs, while personal estate has no such fixed situs. The law *rei sitœ* regulates real, but not the personal, estate. (Story, Conflict of Laws, sec. 379.) Real property has such a fixed situs because it is immovable and indestructible. It must always be and always will remain in the same location. Tangible chattels, however, are movable and also destructible, and therefore their situs is of the place where they may happen to be at any particular time. They may be at one place to-day and another place to-morrow, or else have been totally destroyed. But ordinary choses in action, separated from the ownership thereof, have no local situs, and so this

Heston v. Finley.

kind of property is usually said to be governed by the law of the place of the owner's domicile. This is not because they have any local situs in themselves, but because they follow the person of their owner, and that place is commonly the only place where courts have jurisdiction over him."

In 22 R. C. L. 69 it is said:

"There is usually no difficulty in ascertaining the actual situs of tangible chattels whenever it becomes necessary to discriminate between the actual and legal situs thereof. But with respect to choses in actions, such as bonds, notes, bills, of exchange, accounts,. and debts of . all sorts, the decisions of courts present some difficulty. In this class of cases the tendency of modern authorities is to apply the maxim *mobile sequuntur personam,* and to hold that the domicile of the owner is the real situs of the debt; and that they do not lose their situs because of being reduced to judgment at the domicile of the debtor."

It is not of controlling significance that the record of this intangible. property of Finley's is preserved in a judgment record in Sherman county. It may similarly be preserved in any county Finley chooses to have it entered, or where it may aid him to collect on it. (R. S. 60-3126.)

It would seem, therefore, that Finley's challenge of the jurisdiction should have been sustained.

The foregoing might end this appeal, but might be inconclusive to determine the actual controversy between the parties; so the main determinative point urged by appellant will be considered. He argues and cites apt authorities (23 Cyc. 1556; 15 R. C. L. 926) that a creditor's bill cannot be maintained on the Colorado judgment until it has been reduced to judgment in Kansas, which has not yet been done; but the outstanding point of this case is the fact that Heston's judgment claim is against Chaplin, not against Finley. No statute, no rule of public policy, forbade Finley to take an assignment of Chaplin's interest in the Sherman county judgment. Chaplin owed Finley a *bona fide* indebtedness for services. No legal principle required Finley to withhold execution or other process to realize on the Kansas judgment because plaintiff had a Colorado judgment against Chaplin. An ordinary judgment creditor has no precedence over any other creditor, except that by execution process he may be able more speedily and effectively to collect his due from an unwilling debtor. Within well-defined limits, a debtor may prefer one creditor to another. In *Brecheisen v. Clark,* 103 Kan. 662, 665, 176 Pac. 137, it was said:

"The law has always favored the diligent creditor. So long as he acts in

46—118 Kan.

good faith to recover his due on a preëxisting and unsatisfied indebtedness a creditor is entitled to accept what is coming to him, and need not concern himself as to the effect upon other creditors, nor with the motives of the debtor in preferring him to others. The only limitations upon this principle are governed by the doctrine of *lis pendens* and the provisions of the bankrupt act, neither of which are here relevant."

If, after obtaining judgment against Chaplin in Colorado, the plaintiff had bestirred himself before Chaplin parted with all his interest in the Kansas judgment, he might have used the one judgment as a set-off against the other, if there were no inherent procedural difficulties involved therein. Nor is it clear why plaintiff did not set up the cause of action he afterward maintained successfully in Colorado as a defense to Chaplin's action against him in Sherman county. And just why, in morals and good conscience, in taking judgment against Chaplin in Colorado, he did not credit or offer to give credit to Chaplin for the amount of the judgment Chaplin had obtained against him in Kansas does not appear. But we have no present concern with these intruding queries. The fact remains that when plaintiff sought to set off the Colorado judgment against the Kansas judgment the element of mutuality which is essential to such a set-off was wanting. His Colorado judgment debtor ere then had parted with all his interest in the Kansas judgment which plaintiff sought to satisfy by such set-off. The setting off of opposing judgments is not a matter of strict right. It is governed by equitable considerations, and in this case such considerations would be altogether violated if Finley was stripped of his interest in the Sherman county judgment in an enforced satisfaction of plaintiff's judgment claim against Chaplin. This point was considered in *Alexander v. Clarkson*, 100 Kan. 294, 297, 164 Pac. 294, where the situation presented was as follows:

First National Bank obtained judgment against Clarkson. Judgment was assigned to Alexander. Clarkson obtained judgment against Alexander. Subject to attorney's lien on judgment, Clarkson assigned judgment to Cowley County National Bank. Alexander sought to set off the judgment assigned to him against the Clarkson judgment against him. This was denied. This court quoted and cited many authorities, and said:

"There is no objection to an equitable proceeding to set off one judgment against another unless intervening rights are prejudiced thereby. (*Hillis v. National Bank*, 54 Kan. 421, 423, 38 Pac. 565; *Railroad Co. v. Murray*, 57 Kan. 697, 47 Pac. 835; 15 R. C. L. 820.) But since the trustee of the Cowley County National Bank had secured an assignment of Clarkson's judgment

Lang v. Coffey County Comm'rs.

against Alexander, and it was also subjected to a timely lien before Alexander acquired the assignment of the First National Bank's judgment against Alexander, we see no way to set off these respective judgments against each other."

The foregoing necessarily determines the present controversy on its merits. Finley had secured a valid lien upon the Kansas judgment and later a valid assignment of it before Heston sought to set off his Colorado judgment against the Kansas judgment, and there was then no mutuality between them and no way whereby those judgments could be equitably set off against each other.

We note, but cannot unqualifiedly approve, the theory which prevailed below that Finley's lien on the Sherman county judgment merged into the assignment of that judgment which he afterwards obtained. There is no hard-and-fast rule of law or equity to that effect in this state. It would merge or not, just as Finley chose to consider it, or as the protection of his interests might require. (*Shattuck v. Bank,* 63 Kan. 443, 446, and citations, 65 Kan. 643; *James v. Williams,* 102 Kan. 231, 169, Pac. 1163; *Bank v. Bank,* 103 Kan. 865, 867, and citations, 176 Pac. 658; see, also, 10 R. C. L. 666, 667; 15 R. C. L. 783 *et seq.*)

The judgment is reversed and the cause remanded with instructions to enter judgment for defendant.