No. 30,158.

Lida Stoner, *Appellee,* v. R. E. Stoner, The Fontron Mortgage Company, J. S. Simmons, *Defendants* (E. C. Martin, Intervener, and R. E. Stoner, *Appellants*).

(5 P. 2d 847.)

Opinion filed December 12, 1931.

*J. S. Simmons, Alva L. Fenn* and *Max Wyman,* all of Hutchinson, for the appellants.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought by Lida Stoner against

R. E. Stoner, the Fontron Mortgage Company and J. S. Simmons, and later E. C. Martin was made a party to determine existing liens on real property that was described. Judgment was given Lida Stoner, the plaintiff, and R. E. Stoner and E. C. Martin appeal.

There was no real controversy as to the liens of the Fontron Mortgage Company and that of J. S. Simmons, but a question was raised as to the validity and lien of a judgment previously rendered in a divorce action between R. E. Stoner and his wife, Lida Stoner. In that action Stoner obtained a divorce from Mrs. Stoner in which the court found that at the time of the marriage Mrs. Stoner had separate property, of which $1,500 was in the form of cash, which was restored to her. That R. E. Stoner then owned property of the value of $7,000 on which there was a mortgage of $1,000, leaving a net value of $6,000, and deducting the $1,500 restored to Mrs. Stoner, R. E. Stoner would still have $4,500, and one-fourth of that was given to Mrs. Stoner and three-fourths to Mr. Stoner. It was further decreed that Mrs. Stoner should also have certain articles of property, a bedroom suite, a sewing machine, cut glass, silverware and wearing apparel which she had at the time of her marriage, and the balance of the furniture was given to R. E. Stoner; the total amount awarded to Mrs. Stoner, $2,625, it was adjudged, should be paid, $1,000 in cash, the balance at the rate of $25 per month on the first day of each month without interest, until the balance of $1,625 was paid, or until the death of the defendant. It was further decreed that the balance of $1,625 should be a lien on the real estate owned by R. E. Stoner, but that he might place a mortgage on the property to raise the cash payment of $1,000. A list of the liens, including mortgages, attorneys' fees, taxes and some other items, was specifically set forth in the judgment for divorce. The $1,000 cash payment was made at once and several $25 monthly payments were made, but defaults have been made on payments since July, 1930.

In the present action for the determination and enforcement of liens the court found that the Fontron Mortgage Company held a first lien on the property amounting to $2,694, bearing interest at ten per cent per annum; that J. S. Simmons had a second mortgage for $213, and that as R. E. Stoner had failed to make the payments as they became due, all of the remaining payments had become due, and it rendered judgment against R. E. Stoner in favor of Mrs. Stoner for $1,525, which constituted a third lien on the real estate. Of this part of the judgment R. E. Stoner and E. C. Martin complain.

It appears that R. E. Stoner not only failed to keep up the payments due to Mrs. Stoner, but had failed to pay the taxes on the mortgaged property and had failed to pay the interest due on the first lien of the mortgage company. Upon the judgment an order of sale was issued under which a sale of the real estate was made for the price of $4,000. To protect her third lien Mrs. Stoner purchased the property at the price named, out of which taxes, costs and prior liens aggregating $3,090.18 were paid, leaving less than $1,000 to be applied on the debt and lien of Mrs. Stoner in the amount of $1,525. The unpaid installments due from R. E. Stoner to his former wife at the time of the sale were $375, and at this time it is alleged to exceed $525. The contention of the appellants is that the judgment in her favor in which she was given a third lien on the real estate was in fact an allowance of alimony and within the rule of *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409; *Conway v. Conway,* 130 Kan. 848, 288 Pac. 566; *Hardcastle v. Hardcastle,* 131 Kan. 319, 627, 291 Pac. 757, and 293 Pac. 391; *Revere v. Revere,* 133 Kan. 300, 299 Pac. 595, must be held to be void. If the judgment in the divorce action is to be interpreted as a grant of alimony, it would fall within the authorities cited, and the court would be without jurisdiction to award the alimony as the judgment was rendered. In *Noonan v. Noonan,* supra, it was held:

"The matter is covered by the statute which provides that where permanent alimony is allowed it must be decreed in a specified sum of money. It may be made payable in gross or installments, but the sum itself must be fixed." (p. 289.)

The plaintiff, on the other hand, contends that the decree of the court was essentially a division of property, something distinctly different from a grant of alimony for the support of the wife. The judgment rendered, it will be seen, had most of the characteristics of a division of property. There was a division in kind of property as, for instance, Mrs. Stoner was given specified articles of furniture and furnishings of the home, and her husband was given the remainder of the furniture. A sum of $1,500 which she owned and brought with her into the estate at the time of the marriage was ordered to be restored to her, and property jointly acquired, fixed at a value of $4,500, was divided between them—one-fourth was given to her and three-fourths to him. The amount of her share was definitely fixed. Under this plan of division Mrs. Stoner was entitled to $2,625, $1,000 to be paid in cash, which has been paid,

leaving a balance of $1,625 to be paid in installments of $25 on the first of each month, "until said $1,625 has been paid or until the death of the said defendant."

The insertion of the clause in the judgment just quoted gives rise to the contention of the appellants that the judgment in the divorce action was void. That judgment was obviously one for the division of property. The difference between such a judgment and one allowing alimony for support and maintenance was the subject of comment and decision in *Johnson v. Johnson*, 57 Kan. 343, 46 Pac. 700, in which it was said:

"The distinction between an allowance of alimony and a division of property is discussed at length and clearly recognized in the case of *Bacon v. Bacon*, 43 Wis. 197. In 2 Am. & Eng. Encyc. Law 92, alimony is thus defined: 'Alimony is an allowance, which, by order of court, the husband, or former husband, is compelled to pay to his wife, or former wife, from whom he has been legally separated or divorced, for her support and maintenance.' The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court by an allowance of alimony compels its performance. A division of the property of the parties is an essentially different thing. No matter which party may be at fault, nor what the decision of the court on the merits of an application for a divorce, the court may for good cause make an equitable division and disposition of the property of the parties." (p. 348.)

In view of the character of the judgment and the statute under which it was rendered, the inclusion of the clause mentioned was inappropriate and beyond the power of the court to render. It being a judgment for the division of property, the clause will be treated as a nullity, which cannot operate to avoid the judgment. It appears that the divorce was granted by reason, fault or aggression of the wife, and the statute provides in substance that the court shall order a restoration of the property owned by her before or separately acquired after her marriage. Also such share of her husband's real estate and personal property as may be just and reasonable and may also divide such property as shall have been acquired jointly during marriage whether the title stands in the name of one or the other of the parties, either making the division in kind or setting it apart to one and requiring the other to pay such sum of money as may be just and effect a fair division thereof. (R. S. 60-1511.)

In the present case the court exceeded its authority in foreclosing that part of the lien not yet due and payable under the terms of

the decree. The decree provided that a certain part of the money, $1,625, allotted to Mrs. Stoner should be paid in installments of $25 on.the first of each month thereafter until full payment of her share had been made. It was competent for the court in the divorce decree to fix the times of payment of Mrs. Stoner's share, and the decree being valid and final in character is controlling not only as to the amount of the payments, but also as to the time when payments may be enforced. Under the decree R. E. Stoner was given sixty-five months in which to make the monthly payments. A few of these payments had been made and quite a number of them were in default. As to those in default there may be present foreclosure and enforcement, but of course there can be no enforcement of those not yet payable. The lien extends to all these installments which defendant was adjudged to pay as they become due. The judgment being final, the claim of Mrs. Stoner for the unpaid payments is her property, and subject to assignment and other disposition as such. It, of course, may be enforced from time to time as defaults occur. The provision of the decree ordering payments in installments did not take from it the character of finality nor destroy the lien imposed by the court to secure payments of. all the installments. (*Bassett v. Waters,* 103 Kan. 853, 176 Pac. 663.)

We therefore hold that the decree of divorce is not void as contended by appellants, but as the foreclosure includes installments not yet payable the judgment is reversed and the case is remanded for further proceedings in accordance with the views herein expressed.