No. 31,842

NANNIE THORNTON, *Appellant*, v. MARY VAN HORN, ALFRED VAN HORN, R. & L. STONE COMPANY and FRANK HOZELL, *Appellees*.

(37 P. 2d 1015)

Opinion filed December 8, 1934.

*Gerald W. Foley*, of Atchison, for the appellant.
*Charles T. Gundy*, of Atchison, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to enjoin defendants from interfering with plaintiff's possession of a parcel of land in the platted townsite of Sumner in Atchison county, and to enjoin them from removing earth and rocks therefrom.

In the petition plaintiff alleged her ownership of certain blocks and vacated streets and alleys abutting thereon in Sumner, as shown in a plat on file in the office of the register of deeds of Atchison county; that she had acquired possession thereof in 1906 under a contract for a deed from the record title holder, and had held possession since that time; and that she had acquired the fee title in 1915.

Defendants' answer was a general denial. Defendant Mary Van Horn's answer alleged that the matters tendered in issue in plain-

tiff's petition had been adjudicated in an action between herself and plaintiff three years previously. As a further answer all the defendants alleged that whatever rock was quarried by defendant R. & L. Stone Company was taken from the land of Mary Van Horn, and her title thereto vested in her was also pleaded.

Jury waived; evidence adduced, but not recorded; judgment for plaintiff entered on March 4, 1933; motion for a new trial filed on March 7, 1933, and overruled on March 31, 1933 (January term).

On October 14, 1933 (September term), parties appeared to have the journal entry of judgment prepared and to have the boundary line between the lands of plaintiff and Mary Van Horn correctly described. Two days later the court ordered further testimony to be introduced regarding the location of the line fence between the lands of the litigants; and on October 18, 1933, after hearing such additional evidence, the court ruled that plaintiff should take nothing by this action and that she should pay the costs.

Plaintiff appeals, assigning error in setting aside the judgment of March 4, 1933, after the term, and in overruling his motion to vacate the judgment of October 18, 1933.

Plaintiff invokes the familiar rule that once the term of court has expired the judgment becomes a finality over which the court has no control. Appellee, however, would avoid the force of this rule by directing our attention to the trial docket, which shows the following entries:

"Mar. 4—Judgment for plaintiff—injunction allowed—finding of boundary line and depository of funds impounded—defendant pay costs.

"Mar. 7—Motion for new trial. March 31, 1933, overruled. *Further evidence by agreement, and judgment that plaintiff take nothing and pay costs.*

"Oct. 19—Motion for new trial. October 28, 1933, withdrawn.

"Oct. 24—Motion to set aside judgment. October 28, 1933, overruled.

"Nov. 13—Motion for release of money. February 24, 1934, withdrawn.

"Dec. 28—Motion to change J. E. Withdrawn, February 3, 1934.

"Feb. 3—Motion to correct J. E. Allowed as per J. E."

In the counter abstract the appellees give an explanation of the italicized matter appearing in the trial docket as set out above. Their counsel says:

"The court will note that the entry on the trial docket made by Judge Jackson, 'Further evidence by agreement and judgment that plaintiff take nothing and pay costs,' is not dated, but referring to the journal entry which is set out in full in appellant's abstract commencing on page 8 thereof, and

referring to the first paragraph of page 10 thereof, we find that the date is October 18, 1933."

The journal entry of judgment records entry of appearances on February 10, 1933—"the same being a regular judicial day of the January, 1933, term of the said court," waiver of jury; trial by the court; parties rested; arguments of counsel; cause taken under advisement. Then follows this recital: "On March 4, 1933, the court announced judgment for plaintiff." The journal entry then proceeds to record the trial court's order overruling the motion for a new trial. Next appears the following:

"On the 14th day of October, 1933, the same being a regular judicial day of the September, 1933, term of the above-entitled court, the plaintiff appeared by her attorney Gerald Foley, and all the defendants appeared by their attorney Chas. T. Gundy, and thereon this cause came on for hearing on the settlement of journal entry of judgment, and, after argument of counsel, it was by counsel agreed, such agreement being approved by the court, that a final argument of the settlement of said journal entry should be called for hearing in the above-entitled court on the 16th day of October, 1933, at 9 o'clock a. m.

"October 16, 1933, the plaintiff appeared by her attorney Gerald Foley, and the defendants Mary Van Horn and Alfred Van Horn appeared in person and by their attorney Chas. T. Gundy, the other defendants appearing by their attorney Chas. T. Gundy, and after argument of counsel it was by the court ordered that in the furtherance of justice that further testimony should be taken and that the case should be continued and set down for hearing on the 18th day of October, 1933, at the hour of 9 o'clock a. m. The case was set down for further hearing on said date."

The judgment entry then recites the subsequent proceedings, which conclude with the trial court's announcement:

"That the court finds that plaintiff should take nothing by reason of this action and that a temporary restraining order granted by the probate court of Atchison county, Kansas, on the 15th day of August, 1932, should be vacated, set aside for naught held."

Judgment was accordingly entered against plaintiff, and she assigns error:

"1. In setting aside the judgment for plaintiff after the expiration of the term at which it was rendered.

"2. In overruling plaintiff's motion to vacate the judgment rendered October 19, 1933."

A consideration of the first of these specifications will necessarily dispose of the second.

What authority over the judgment entered on March 4, 1933,

which was a judicial day of the January term, did the trial court have after that term transpired? To change that judgment it had none whatever. Nothing is more thoroughly settled in English and American jurisprudence than the doctrine of *res judicata*. In simple language that means that when the court has pronounced judgment in a lawsuit, and the term of court at which such judgment was pronounced has ended, the matters which were involved in the litigation are foreclosed and adjudicated for all time. The court has no more control of the judgment—no more power to set aside that judgment and substitute another judgment therefor—than the Man in the Moon. In *Moore v. McPherson,* 106 Kan. 268, 273, 187 Pac. 884, it was said:

"It is settled law that after the term the court has no control over a judgment; it is then *res judicata,* subject only to the right of appeal and to the right of petition for a vacation of the judgment on any of the particular grounds (and no others) specified in section 596 of the civil code." (Citing many cases.).

Recent cases to the same effect are: *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041; *J. B. Colt Co. v. Clark,* 125 Kan. 722, 266 Pac. 41.

A judgment may be corrected after the term, that is, the record may be amended to state completely and accurately what had actually been adjudged at the prior term (*Plummer v. Ash,* 90 Kan. 40, 133 Pac. 157), but there was nothing uncertain in the judgment entered in favor of plaintiff on March 4, 1933, at the January term of the district court of Atchison county. Defendants' motion for a new trial had likewise been disposed of and denied during the same term. In *Heston v. Finley,* 118 Kan. 717, 720, 236 Pac. 841, where after the term the trial court undertook to strip a litigant of the advantage of his judgment, this court said:

"Appellee argues that courts have general jurisdiction over their own judgments, . . . Such an argument merely illustrates how rules which are sound enough in themselves may lead litigants and courts far afield when their application is not restricted within proper limitations. Courts *do* have general jurisdiction over their own judgments, but that general jurisdiction does not confer power, after the term, to strip a lienee or a *bona fide* assignee of a judgment of his interest in it. Once the term has gone by, the judgment may not be meddled with, minimized or rendered abortive in any respect except by order of a higher court in a properly appealed case, or by a petition filed in the original case in the trial court, and reciting such facts as would warrant the relief sought, all in conformity with the provisions of the code. (R. S. 60-3005 *et seq.*)"

In view of the foregoing it is perfectly clear that the further proceedings at the October term, whereby plaintiff was stripped of the judgment entered in her behalf at the prior January term, were altogether void. It follows that the judgment of the district court must be reversed, and the cause remanded with instructions to set aside the judgment of October 19, 1933, and to reinstate the judgment which was entered in favor of plaintiff on March 7, 1933.

It is so ordered.