No. 32,448

J. C. LEACH, *Appellee*, v. C. W. ROBERSON and LULU ROBERSON, his Wife, *Appellants*.

(52 P. 2d 629)

Opinion filed December 7, 1935.

*Fred Rueb*, of St. Francis, for the appellants.

*D. H. Postlethwaite* and *Robert Cram*, both of St. Francis, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is the aftermath of a land trade which eventuated in a mortgage foreclosure. The particular question of present concern is whether the judgment debtors were properly denied the benefits of the moratorium statute of 1935 (Laws 1935, ch. 226) on the ground that the foreclosed mortgages were a second lien on the property and that the sale thereunder was made subject to a first mortgage.

In summary the pertinent facts were these:

Leach, plaintiff, and Roberson, defendant, entered into a somewhat complicated contract of exchange of certain lands in Cheyenne county. The lands which Leach traded to Roberson (together with other lands of Leach) were covered by a mortgage held by a bank in Kansas City. Roberson gave Leach two mortgages, one for $5,000 and another for $1,500, as part consideration for the Leach lands conveyed to him. It was agreed that as fast as these two mortgages were liquidated the proceeds would be devoted to the extinction of the superior lien of the Kansas City bank. Default was made by Roberson in the payment of his obligations, and Leach brought an action to foreclose the two mortgages Roberson had executed to him.

On October 8, 1932, the parties entered into a written stipulation that Leach should have judgment against Roberson for $7,157 and that the mortgages should be foreclosed and the premises sold and the proceeds distributed in a prescribed order of precedence.

This stipulation also provided that Leach should bid the full amount of the judgment and costs, and provided for the possibility that some outside bidder might outbid the plaintiff.

The stipulation also provided that Roberson should have eighteen months to redeem the property, and that, if he did redeem, the money (after deduction of court costs and taxes) should be paid by the clerk of the court toward the liquidation of the mortgage held by the Kansas City bank or its assignee.

It was further agreed in the stipulation that if Roberson did not redeem, Leach would indemnify him against any liability or obligation to pay the mortgage indebtedness due the Kansas City bank, and Roberson was to receive the rents and profits and enjoy the right of possession of the property until the expiration of the period of redemption.

The trial court approved the stipulation and ordered judgment thereon. The journal entry of that judgment contains a recital that the "said mortgage is a second lien, subject and inferior to the first lien of the mortgage now held by the Phoenix Joint Stock Land Bank" which was the assignee of the Kansas City bank. This judgment was entered on October 8, 1932, and the sale in foreclosure was had on January 9, 1933.

Owing to the various so-called moratorium statutes which were enacted subsequent to the date of the sheriff's sale, the plaintiff did not move for a sheriff's deed and for possession of the premises until March 5, 1935. This motion was resisted by defendants in reliance

on the moratorium act of 1935; but the trial court held that defendants were excluded from its privileges by the express terms of section 6 of that act, which declares that it shall not apply to real property "upon which a second mortgage has been foreclosed." At the same time defendants' motion to extend the time of redemption until January 15, 1937, was overruled.

On March 21, 1935, defendants filed a motion to correct the journal entry of judgment rendered on October 8, 1932, by striking out the recital therein that the mortgages given by Roberson to Leach were a second lien and subject to the first lien of the Kansas City bank. The basis of this motion was that the judgment should have been entered exactly as set forth in the stipulation of the parties, and that nothing in the stipulation intimated that the mortgages being foreclosed were second or junior liens to the mortgage of the Kansas City bank.

This motion was denied, and defendants appeal.

First, let us observe that no constitutional infirmities are raised against any of the moratorium statutes which delayed the issuance of a sheriff's deed to plaintiff at the end of the ordinary redemption period, July 9, 1934. Plaintiff merely stands on the literal text of section 6 of the act of 1935. Defendants insist that they should not rest under the handicap of judgment debtors excluded from the benefits of that act. Their peculiar difficulty, however, is that the judgment of October 8, 1932, declared that the mortgages they had given and which were being foreclosed were a second lien and inferior to that of the prior one held by the Kansas City bank. If the defendants were not content to abide a judgment to that effect, or considered it to be at variance with their stipulation for judgment, they should have objected to that judgment while it was still within the judicial power and discretion of the trial court to correct or alter it, or they should have made a timely request for leave to withdraw the stipulation and to join issues in the foreclosure action. Once the term of court at which the judgment was rendered had expired, however, the trial court could not alter it—except as authorized by some provision of the code, none of which could be made to fit the present situation. (*Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015.) The instant case is not like one where the journal entry of judgment did not accurately recite what the court decided. If such had been the case, the journal entry could be corrected at any time to speak the truth, that is, to set down the exact terms of the court's decree. (*Cazzell v. Cazzell,* 133 Kan. 766, 3 P. 2d 479.) Here there

was no contention, and there should be none, that the mortgages executed by defendants and which were the subject matter of the foreclosure proceedings were in fact second mortgages, and the trial court's ruling was correct.

The judgment is affirmed.