No. 34,764

A. W. Keys, *Appellant*, v. H. W. Smallwood, *Appellee*.

(102 P. 2d 1001)

Opinion filed June 8, 1940.

*Douglas Hudson, Howard Hudson* and *Douglas Hudson, Jr.,* all of Fort Scott, for the appellant.

*Harry W. Fisher,* of Fort Scott, and *Alex Hotchkiss,* of Lyndon, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment in garnishment proceedings.

The plaintiff, A. W. Keys, recovered judgment for $405.15 and costs against defendant, H. W. Smallwood, upon an agreement between them that each would pay half the medical, hospital and funeral expenses incident to the death of plaintiff's son caused by the negligent discharge of a shotgun carried by defendant's son. Touching the binding force of that judgment there is no controversy. The present action has to do with plaintiff's efforts to realize upon it.

On July 27, 1939, an affidavit for garnishment was filed in the district court reciting the facts of the judgment indebtedness owed by defendant, that execution issued thereon had been unsatisfied,

and that affiant believed that the garnishee, Guy A. Thompson, trustee and receiver of the Missouri Pacific Railroad Company, was indebted to Smallwood, the judgment debtor.

Pursuant thereto, on July 28, 1939, the court ordered the garnishee to appear and answer, touching any indebtedness owed by him to the judgment debtor. On the same day a certified copy of this order was duly served on Smallwood and his attorney. Answer day was set for September 8, 1939.

On August 30, 1939, the garnishee answered, admitting that he owed Smallwood $220.69, which the garnishee was holding subject to the order of the court. Smallwood, the judgment debtor, filed no pleading in opposition to the garnishee's answer; and on September 8, 1939, Keys, the garnisher, orally moved that the garnishee be directed to pay the sum of $220.69, due by him to Smallwood, to apply on the judgment indebtedness owed by the latter to Keys, the judgment creditor.

The trial court sustained that motion. The pertinent journal entry of judgment, in part, reads:

"On this 8th day of September, 1939, . . . this case comes on to be heard upon the order of garnishment issued July 28, 1939, and the answer of the garnishee, Guy A. Thompson, trustee for the Missouri Pacific Railroad Company, debtor, which said answer was filed on August 30, 1939.

. . . . . . . . . . . .

"Thereupon, the defendant having filed no pleading in opposition to the answer of the garnishee, the plaintiff orally moves for an order directing the garnishee to pay the sum of $220.69 into court to apply upon the judgment and costs herein in favor of the plaintiff, A. W. Keys, and against the defendant, H. W. Smallwood, which motion is by the court sustained.

"It is, therefore, by the court considered, ordered and adjudged that . . . said garnishee shall forthwith pay to the clerk of this court said sum of $220.69, upon payment of which the said garnishee shall be discharged . . . as to said sum of $220.69.

"It is further considered, ordered and adjudged that upon receipt of said sum of $220.69 by the clerk of this court, the said clerk shall disburse the same by payment, first of the costs of this action and of said garnishment, and second, the balance to be paid to and applied upon the judgment rendered in favor of the plaintiff, A. W. Keys, in the above-entitled action."

On September 5, 1939, a second garnishment was issued to the same garnishee, who, on September 14, 1939, answered that he owed Smallwood $42.09, and later answered that he owed him $172.92. This latter garnishment was released because Smallwood sought and obtained his discharge in bankruptcy from any further demands of his judgment debtor. But while the second garnishment proceeding

was still pending, on September 16, 1939, Smallwood filed an affidavit which averred that he was a married man and head of a family and—

"That the money garnisheed in the above-entitled matter is for wages due the defendant for his personal services rendered to the garnishee, Guy A. Thompson, trustee for the Missouri Pacific Railroad Company, within three months prior to the date of the garnishment. That said funds are necessary for the support of defendant's family.

"That he claims exemption in said fund under the laws of the state of Kansas."

Pursuant to the judgment of September 8, 1939, relating to the first garnishment, the garnishee, on September 19, 1939, paid into court the sum of $219.69.

No motion was filed to set aside the judgment of September 8, 1939. On November 12, 1939, the June term of the district court expired by statute. (G. S. 1935, 20-1032.) On December 28, 1939, the trial court ordered that there should be returned to the defendant, H. W. Smallwood, the sum of $193.72 out of the moneys paid to the clerk of the court by the garnishee under the order of September 8, 1939, as being exempt to the bankrupt, H. W. Smallwood, according to his affidavit filed September 16, 1939.

From this order and judgment the plaintiff appeals, contending that after the June term of court at which the first garnishment was sustained and on which judgment was entered in plaintiff's behalf had expired, the district court lost control over it. Within the term at which it had been rendered no motion was leveled against the judgment. The court had made no order affecting it. It is elementary law that in such a situation the judgment became unassailable on November 12, 1939, when the June term of court expired—unless it adjourned sine die at some earlier date. In *Heston v. Finley,* 118 Kan. 717, 720, 236 Pac. 841, where after the term of the trial court undertook to set aside a judgment as to which there was nothing pending and undetermined when the term expired, it was said:

"Once the term has gone by, the judgment may not be meddled with, minimized or rendered abortive in any respect except by order of a higher court in a properly appealed case, or by a petition filed in the original case in the trial court, and reciting such facts as would warrant the relief sought, all in conformity with the provisions of the code."

See, also, *Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015; *Shope v. Shope,* 149 Kan. 754, 761, 89 P. 2d 859.

The only matters which were before the district court at the expiration of the June term pertained exclusively to the second garnishment issued on September 5, to which the garnishee filed one answer on September 14, and a supplemental answer on some later date. The issues involved therein were undetermined at the close of the June term and were automatically carried over into the next term for adjudication. But those matters had nothing to do with the prior adjudication of September 8.

Counsel for defendant cite authorities and precedents that garnishment statutes are to be liberally construed to protect the rights of wage earners. Quite so. The cream of such precedents is embedded in the decisions of this court. But wage earners, like all other citizens, have vital rights which would be of little worth if judgments had no binding force and finality. The fact that plaintiff had not yet drawn down the money paid into court pursuant to the judgment of September 8, when the trial court made its order of December 28 did not affect plaintiff's absolute right to that money. Plaintiff was privileged to consult his own convenience in calling for his money—at any time before its possible disposition as unclaimed funds under G. S. 1935, 58-401.

It follows that the judgment of December 28, 1939, must be reversed and the cause remanded with instruction to reinstate the judgment of September 8, 1939. It is so ordered.