No. 38,859

A. J. PLACE and JANICE N. PLACE, His Wife, *Appellees,* v. THE
KANSAS STATE HIGHWAY COMMISSION, *Appellant.*

(255 P. 2d 1004)

Opinion filed April 11, 1953.

*Mason Mahin,* Assistant Attorney General, argued the cause, and *Harold
Steinrauf,* of Topeka, and *James W. Putnam,* of Emporia, were with him on the
briefs for the appellant.

*William A. Buckles,* of Burlington, argued the cause, and *Ray S. Pierson,* of
Burlington, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was one of several actions resulting from proceedings instituted in the fall of 1951 by the State Highway Commission under its powers of eminent domain for the purpose of condemning several tracts of land, located near the city of Emporia, for highway purposes. Appraisers were appointed and appraised the real estate in the condemnation proceeding as provided by law. A. J. Place and Janice N. Place, the owners of one of the tracts appraised, appealed from the appraisers' award in the manner authorized by G. S. 1949, 26-102. Subsequently, the instant action was docketed in district court as required by that section of the statute and the cause was tried by a jury which returned a verdict for a greater amount than was allowed by the appraisers.

The Highway Commission filed a motion for new trial on grounds (1) of misconduct of the jury; (2) erroneous rulings of the court; and (3) that the verdict was in whole or in part contrary to the evidence and excessive. This motion, after denial of the Commission's application for a continuance of the hearing thereon, was overruled. Judgment was then rendered in accord with the verdict. Thereupon, the Commission gave notice of appeal from the judgment, the order overruling the motion for new trial, and from all other final and intermediate adverse orders.

The appeal comes to this court on two specifications of error which, although one of them is specific and the other general, must be regarded as limiting the scope of appellate review to the propriety of the trial court's action in overruling the motion for new trial.

When analyzed the contentions advanced by the appellant are (1) that the trial court should have sustained the application for a continuance of the hearing on the motion for new trial, hence its refusal to do so resulted in error warranting reversal of its action in overruling such motion, and (2) that it erred in permitting certain of the appellant's witnesses, who had testified in its behalf as to the market value of the real estate in question, to be cross-examined over its objection as to the sale price of other tracts of land in the immediate vicinity. Disposition of these contentions requires a proper understanding of the confronting facts and circumstances, including what took place just prior to and at the time of the trial court's ruling on the motion. We therefore direct our attention to the facts of record relating to that subject.

The verdict was returned and filed on March 14, 1952, and the motion for new trial was filed on March 17, 1952. March 26 was the motion day for that month and the date on which the motion would have regularly come up for hearing. Appellant requested and was granted a continuance on the hearing of the motion until the April, 1952, motion day of the court. On that date, namely April 30, 1952, the motion came on for hearing, counsel for the respective parties being present.

When the motion was called for hearing the trial judge, obviously because of prior colloquy of record, addressed counsel for appellant stating that as he understood it the Commission did not desire to argue any of the reasons for which it felt that a new trial should be granted. In response to this inquiry counsel answered "not

without the transcript—that is right" and added that he desired to make a statement for the purpose of the record. Upon being granted that permission he made the following statement:

"Counsel for the Highway Department appears here for the reason the Court advised that these motions would be heard today. The Highway Department objects to the taking up of the motion at this time and requests a continuance of this matter until such time as the transcript of the record and the trial is available to us for examination for the reason this case was tried in the series of highway cases and these cases are very similar and various rulings were made during the course of the thirty day period and it would be impossible to recall or impossible to present to the Court the objections and rulings and the observations made in each of these cases. We would be ready and willing to take up this motion and present it as soon as a transcript is ready and until such time it would be prejudicial to our client to attempt to present this matter without a record before us."

After the foregoing statement had been made the trial judge inquired if counsel had any authority to sustain his position a continuance should be granted because of failure to have a transcript for the purpose of presenting a motion for new trial. Counsel replied "We do not have at this time. It is just a statement of fact that we are asking for a continuance awaiting a transcript and this is particularly true with reference to the rulings of the Court."

Thereupon, after ascertaining that counsel for the Commission had been present in court during the entire trial of the case, the trial judge related in detail the facts set forth in the third preceding paragraph of this opinion. He then inquired of counsel whether a transcript would be of much assistance on the first ground of the motion (misconduct of the jury) and was advised "it might not be." He next directed attention to the third ground of the motion (the verdict was in whole or part contrary to the evidence and excessive) and asked "do you mean to tell this court that you as an attorney representing the Highway Commission do not recall the evidence as to the values?" In response to this interrogatory counsel replied "I cannot as to all of the cross-examination—and particularly with reference to the objections and the rulings of the Court. As I stated before, it is the position of the Highway Department that different rulings were made on the very same questions—when objected to—in various cases." Finally, referring to the remaining ground of the motion (the second) the court made this statement "Erroneous rulings of the Court—did you ask for a partial transcript?" to which counsel replied "No. A partial transcript would not be sufficient."

At the close of the foregoing colloquy the trial court said:

"The Court does not feel that it would be prejudicial to your client to present it at this time in view of the fact that you were one of the attorneys in this case and you were aware of what transpired during the course of the trial. No difficult questions of law involved in this case. Do you have any argument to make in support of your Motion?"

And counsel answered:

"No, Your Honor; we are not prepared until we get a transcript of the proceedings."

After making such statement and inquiry, and receiving the reply just quoted, the trial court announced that the motion for new trial would be overruled. It then accepted the verdict and rendered judgment accordingly.

Turning again to appellant's first contention it may be said there can be no question in this jurisdiction respecting the status of an application for the continuance of a hearing on a motion for new trial or the burden cast upon a litigant who seeks a reversal of a trial court's ruling in denying such an application.

Long ago in *Westheimer v. Cooper*, 40 Kan. 370, 19 Pac. 852, which we pause to note finds ample support in other jurisdictions, (see 39 Am. Jur., New Trial, 194, § 195, 66 C. J. S., New Trial, 457, § 191), we said:

"The application for a continuance of the hearing on a motion for a new trial is addressed to the discretion of the trial court, and unless it plainly appears that there has been an abuse of such discretion by a refusal to grant it, this court will not reverse the ruling." (Syl.)

For other Kansas decisions dealing with continuances generally but nevertheless adhering to the same rule see West's Kansas Digest, Appeal and Error, § 966, New Trial, § 156, and Hatcher's Kansas Digest (Rev. Ed), Appeal and Error, § 445, Continuance § 1, Motions and Orders, § 4.

When tested by the rule announced in *Westheimer v. Cooper*, supra, we are far from convinced the facts of record make it clearly appear that the trial court abused its discretion in denying appellant's application for a continuance of the hearing on the motion for new trial. Therefore we are constrained to hold its contention to the effect that action constituted error cannot be upheld.

Before any consideration can be given to appellant's second specification of error respecting the extent to which the trial court permitted appellees' counsel to cross-examine appellant's witnesses

we must first dispose of appellees' challenge that under the existing facts and circumstances questions now raised with respect thereto are not subject to appellate review. In support of their position they direct our attention to one of our most recent decisions, *Tucker v. Hankey*, 173 Kan. 593, 250 P. 2d 784, which merely reaffirms the rule announced repeatedly in a long line of decisions, where we held:

"All trial errors and irregularities must be shown by the record to have been presented to the trial court on a motion for new trial before they can be considered by this court on appeal." (Syl. ¶ 2.)

And said:

"We have held many times that trial errors and irregularities must be shown by the record to have been presented to the trial court on a motion for new trial before they can be considered by this court on appeal. Not having been so presented to the trial court, plaintiffs' specification of error is not reviewable. (G. S. 1949, 60-3001, 60-3003; *Robinson v. Davis*, 162 Kan. 44, 46, 174 P. 2d 111; *Holton v. Holton*, 172 Kan. 681, 243 P. 2d 222; [1] Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, §§ 304, 366.)"

We are not disposed to labor the facts which have been heretofore set forth at length on the theory they speak for themselves. It suffices to say we are convinced, that when carefully examined, they disclose a situation which falls within the general rule, to which we have just referred, and warrants a conclusion appellant's second specification of error was not subject to appellate review. However, we are not compelled to base our decision to that effect wholly upon that premise. It cannot be denied the record does clearly reveal a situation which brings this phase of the case squarely within the rule announced in *Rierson v. Southern Kansas Stage Lines Co.*, 146 Kan. 30, 69 P. 2d 1, and adhered to in *Brick v. Fire Insurance Co.*, 117 Kan. 44, 230 Pac. 309; *Butts v. Kan. Power & Light Co.*, 165 Kan. 477, 195 P. 2d 567, wherein we held:

"Errors of the trial court occurring during the trial and which constitute grounds for a new trial, to be reviewable on appeal, must have been brought to the attention of the trial court on a motion for a new trial, and if such errors are not specifically pointed out in the motion or upon the presentation of the motion, and no opportunity is given to the court to consider and correct such errors, they will as a general rule be regarded as waived." (Syl. ¶ 1.)

The judgment is affirmed.