No. 40,436

Norman L. Boggs, *Appellee*, v. The City of Augusta, Kansas, a Corporation, *Appellant*.

(308 P. 2d 72)

Opinion filed March 9, 1957.

*Fred R. Vieux*, of Augusta, argued the cause and was on the briefs for the appellant.

*Allyn M. McGinnis* of El Dorado, argued the cause, and *Walter F. McGinnis*, of El Dorado, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This was an action to recover damages for injuries sustained by falling into a drainage ditch and/or flume in a city street. Plaintiff recovered and the defendant appeals.

The pleadings are of no consequence to the issues, hence reference thereto will be limited to allegations of the petition and answer disclosing the respective claims of the parties as to liability.

Restricted as indicated the petition alleges:

"That a certain street in said city (Augusta), known as Wiley Street, was and is much traveled and used by the citizens thereof and others.

"That at about midway on the North side of the two hundred block on

said street and between Osage and Dearborn Streets, in said city, a deep and dangerous hole or trench was excavated and lined with concrete by authority of the defendant in said street and suffered by the defendant, though well knowing, to remain open, exposed and without any protection or notice to the citizens and travelers against accident. That said excavation, since the time of construction to date, has been open, exposed and unprotected by any protective devices and unguarded by any lights, flares or any other warning device of any kind or character whatsoever.

"That upon the night of January 17, 1955, and at about nine-thirty, P. M., the plaintiff was lawfully on said street and wholly unaware of danger and with out fault and negligence on his part, fell into said hole, of which hole he had no prior knowledge, whereby he received great bodily injury. That he sustained cuts and bruises about the head, was rendered unconscious, suffered from shock and sustained a severe back injury, which injury is permanent."

The answer denies all heretofore quoted allegations of the petition, except the existence of Wiley Street; specifically denies that the open hole, ditch or flume was located in such street; and charges that if plaintiff sustained injuries and damages as alleged they were due to acts of contributory negligence on his part which precluded his recovery.

With issues joined as related the cause came on for trial by a jury which, after the introduction of evidence by both parties and instructions by the court as to the law, returned a general, lump sum, verdict, along with its answers to submitted special questions, in favor of the plaintiff. Upon approval of the verdict and rendition of judgment by the trial court, in conformity therewith the defendant filed a motion for a new trial. When this motion was overruled it perfected the instant appeal.

Before any consideration can be given to claims of error it will be necessary to first determine a question raised by appellee, challenging appellant's right to be heard on appellate review, on grounds it had failed to order and file a transcript of the record, as contemplated and required by the provisions of G. S. 1949, 60-3311.

The uncontroverted facts, now of record, on which this question must be disposed of can be stated thus:

Notice of appeal was served, filed with the Clerk of the District Court on June 18, 1956, and subsequently certified to this court in due course. After the notice reached here the case was set for hearing on January 25, 1957. Appellant filed an abstract on October 16, 1956, and its brief on December 17, 1956. On January 16, 1957, appellee filed his brief wherein, for the first time, he raised the question now under consideration. Thereafter, with leave of

court, appellant filed a reply brief limited strictly to matters pertinent to appellee's challenge of appellant's right to be heard. This reply brief admits appellant did not file the transcript previous to being served with appellee's brief but reveals that when so served it promptly filed the transcript in the office of the Clerk of the District Court on January 16, 1957. In addition there is of record in this Court a certificate of the official court reporter for the Thirteenth Judicial District, disclosing that such reporter delivered a true, correct and certified copy of the original transcript to counsel for appellee on or before April 5, 1956. In the face of facts and circumstances such as have been heretofore related appellee's contention that failure to file the original transcript prior to January 16, 1957, resulted in his being unable to meet arguments advanced by appellant with a counter abstract lacks merit and, following *Gibbs v. Central Surety & Ins. Corp.*, 163 Kan. 252, 181 P. 2d 498, we hold that his challenge of appellant's right to be heard should not be sustained.

Before proceeding further we are confronted with another problem, not recognized by either party. Each has been guilty of failing to comply with Rule 5 (G. S. 1949, 60-3826; 174 Kan. XI.) of this court. Appellant because its abstract fails to reproduce all portions of the record necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose; and appellee because he has failed, after making claim that the abstract is incomplete for the purposes stated in the Rule, to furnish a counter abstract correcting claimed omissions or inaccuracies in the abstract. Notwithstanding the heavy burden, which it may be noted we are not required to assume, placed on this court by reason of the omissions in question and principally because the parties must accept joint responsibility for the status of the record, we have decided to proceed and dispose of this cause as best we can on the basis of our own independent examination of the record. Even so, for the benefit of any member of the Bar who may be inclined to similarly ignore the Rule in the future, we feel impelled to point out that derelictions of the nature in question may properly be regarded as limiting the scope of appellate review on questions raised by any of the parties involved in an appeal or, in extreme cases, warranting dismissal of the appeal itself.

Stated substantially in its own language appellant's first contention is that the trial court erred in overruling its demurrer to the appellee's evidence, the appellee having pleaded in his petition that the ditch was located in a city street at Augusta, the evidence showing that the ditch was not located in such street, and not showing that the city either had dominion, control, proprietorship or ownership of the ditch.

Reference to our summarization of the pleadings discloses that the parties joined issue on the factual question whether the ditch was located in Wiley Street and a review of the record in its entirety, giving pertinent evidence the benefit of all inferences to which it is entitled under applicable rules of construction (See numerous cases cited in West's Kansas Digest, Trial, § 156, Appeal & Error, §§ 886 [2], 997 [2]; Hatcher's Kansas Digest [Rev. Ed.], Trial §§ 147 to 151 Incl., Appeal & Error, § 488), reveals ample testimony to take that question, as well as questions relating whether the city had dominion, control proprietorship or ownership of such ditch, to the jury for its decision. The result is appellant's position its demurrer to the evidence should have been sustained for failure of proof respecting matters just mentioned lacks merit and cannot be upheld.

The essence of appellant's next claim of error is that appellee's own evidence discloses he was guilty of contributory negligence which precluded his recovery, hence the trial court should have sustained his demurrer to the evidence on that basis.

That a plaintiff's negligence, or his contributory negligence, bars his recovery in an action for damages and requires the sustaining of a demurrer to his evidence as a matter of law where either negligence or contributory negligence clearly appears from the evidence introduced by him cannot be questioned. However, it must be remembered the universal rule is that he cannot be held guilty of such negligence as a matter of law, or a demurrer sustained to his evidence on that premise, if the evidence of record, viewed in the light most favorable to his cause, is of such character that reasonable minds in the exercise of fair and impartial judgment might reach different conclusions respecting that question. In that event, all of our decisions hold a demurrer to his evidence should be overruled and such issue submitted to a jury for decision. See, e. g., *Nave v. Hixenbaugh*, 180 Kan. 370, 378, 304 P. 2d 482. For numerous other decisions of like import see cases cited in

Hatcher's Kansas Digest [Rev. Ed.], Negligence, §§ 73, 75; and West's Kansas Digest, Negligence, § 136 (9), (10).

In view of the state of the record we are not disposed, indeed no useful purpose would be served, to spell out or detail the evidence on the point now under consideration. It suffices to say that when all of it is reviewed and critically analyzed in the light of the principles of law, to which reference has been heretofore made, we are impelled to hold, that for purposes of ruling on the demurrer, it discloses such probative facts and circumstances that reasonable men in the exercise of fair and impartial judgment might reach different conclusions as to whether appellee, who on a dark and snowy night and where the ground was covered with snow slipped on a curb and fell into an open, unlighted and unguarded hole, immediately adjacent to such curb, was guilty of contributory negligence precluding his recovery as a matter of law. This conclusion, as we have heretofore pointed out, means that decision of that question should have been submitted to the jury for its determination and that the trial court did not err in overruling a demurrer which would have precluded it from passing on the question. The fact, as appellant points out and for that matter as the jury found, that appellee had knowledge of the ditch in question at the time and previous to falling into it neither warrants nor compels a contrary conclusion. See our recent decision of *Nave v. Hixenbaugh,* supra, where it is held:

"Mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. Moreover, knowledge of the offending instrumentality does not constitute negligence as a matter of law." (Syl. ¶ 3.)

See, also, *Blankenship v. City of Caney,* 149 Kan. 320, 87 P. 2d 625.

Finally appellant contends that the trial court erred in refusing three requested instructions and in the admission of two items of evidence, namely, a hospital statement and a medical bill. Appellee insists these claims of error are not reviewable because they were not directed to the trial court's attention on the hearing of the motion for a new trial; appellant makes no denial of appellee's factual assertion, nor does it make any affirmative showing to the contrary; and our examination of the entire record, including the abstract and transcript, fails to affirmatively disclose, in fact makes no showing whatsoever, that any of these matters were presented to the court

below on the hearing of such motion. In the face of what has just been related we believe appellee's position respecting the claims of error now under consideration must be upheld. See *Robinson v. Davis,* 162 Kan. 44, 174 P. 2d 111, which holds:

"All trial errors and irregularities must be shown by the record to have been presented to the trial court on a motion for new trial before they can be considered by this court on appeal." (Syl. ¶ 2.)

For more recent decisions adhering to and applying the same rule see *Tucker v. Hankey,* 173 Kan. 593, 250 P. 2d 784; *Place v. Kansas State Highway Commission,* 174 Kan. 296, 255 P. 2d 1004, and decisions there cited.

Having determined that none of the claims of error relied on afford sound grounds for its reversal the judgment must be affirmed. It is so ordered.