No. 41,725

RONALD R. HUEBERT, *Appellee,* v. JOHN G. SAPPIO, d/b/a SAPPIO COMPANY, *Appellant.*

(352 P. 2d 939)

Opinion filed June 11, 1960.

*Clarence R. Sowers,* of Wichita, argued the cause, and *John W. Sowers,* of Wichita, was with him on the briefs for the appellant.

*Edmund R. Learned,* of Wichita, argued the cause and *Payne H. Ratner; Louise Mattox; Payne H. Ratner, Jr.; Cliff W. Ratner; Gerald D. Lasswell; James R. Barr; Frank W. Hylton;* and *R. R. Barnes,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: On March 14, 1957, plaintiff, Ronald P. Huebert, entered into a contract with defendant, John G. Sappio, d/b/a Sappio Company, wherein Huebert purchased a combination heating-air conditioning unit from Sappio, which Sappio agreed to completely install, with necessary ductwork, registers, grilles and return air ducts, in a home, then being constructed by Huebert in the City of Wichita, under a guarantee that such unit, when installed, would heat and cool as required.

Some time after installation of the unit in question plaintiff commenced this action by filing a petition against defendant in which, among other things, he alleged in substance that defendant had failed to perform the contract in accord with the guarantee and that such failure was due to the fact that defendant had installed the ductwork in an unworkmanlike manner, that the ductwork as installed by defendant was not fit for the use intended; and that in the installation of the entire unit defendant had failed to exercise the degree of skill equal to the undertaking and common with other workmen in the City of Wichita. The petition further alleged that plaintiff had complained of the defective installation and that

defendant had failed and refused to correct the same with the result plaintiff had sustained damages amounting to the sum of $3,000.00, for which he prayed judgment.

Defendant responded to the petition in an answer and cross-petition wherein he denied generally the allegations of the petition, admitted that he was engaged in the selling and installation of heating and air conditioning units; asserted that he had entered into the contract in question; alleged that he had carried out and performed all the work to be done under its terms; and asked that plaintiff recover nothing in the action.

In his reply to the answer plaintiff denied all allegations of the pleading, except admissions therein made, asserted that the cross-petition failed to state a cause of action in favor of the defendant and against plaintiff, and renewed the prayer of his petition.

With issues joined as related the cause came on for trial by the court which overruled defendant's demurrer to the plaintiff's evidence and, later at the close of all evidence adduced by the parties, found that plaintiff was entitled to judgment against the defendant in the sum of $1,215.00 together with interest at the rate of six percent per annum from the date of such finding, and entered judgment accordingly.

Thereupon, and following the overruling of his motion for a new trial, defendant gave notice of his appeal to this court from the order overruling his demurrer to plaintiff's evidence; the judgment rendered; and the order overruling his motion for a new trial.

Supplementing what has been heretofore related two points should be noted at the outset. The first is that no special findings or conclusions were requested and that the trial court found generally for the appellee and against appellant on the issues joined by the pleadings. The second is that in opening paragraphs of his brief appellant concedes the only issues involved relate to the sufficiency of the evidence.

Appellant's first contention is based on the premise the court should have sustained his general demurrer to appellee's evidence. It would add nothing to our reports to here detail such evidence and we do not propose to do so. It suffices to say that after a careful review of the testimony adduced by appellee, which under the rule so universal as to require no citation of the authorities supporting it must be accepted as true for purposes of ruling on this question, we have no difficulty whatsoever in concluding that there is evidence which, when so accepted, was sufficient to sustain each

and all of the claims, heretofore set forth in the second paragraph of this opinion, made by appellee in his petition and that in such a situation it cannot be successfully argued that the trial court erred in overruling appellant's demurrer to appellee's evidence.

Appellant's second contention is predicated upon the proposition that the decision of the court was contrary to the preponderance of the evidence. Conceding, as we must, that there was much in the evidence adduced by appellant after the close of appellee's evidence which was contradictory and, if believed, would have warranted the trial court in reaching a judgment contrary to the one rendered does not mean that this contention can be upheld.

This, we may add, is fully demonstrated by a number of established rules of this jurisdiction applicable to disposition of the claim of error now under consideration.

One is that the determination of the weight and credence to be given oral evidence is exclusively the function of the trier of the facts and not a matter of appellate review. (*Rupp v. Rupp*, 171 Kan. 357, 233 P. 2d 709.)

Another is that findings of fact necessarily embraced in the general judgment rendered by the trial court, will not be disturbed on appeal if there is some evidence to sustain it (*Stratton v. Hawks*, 43 Kan. 538, 23 Pac. 591; *Dryden v. Rogers*, 181 Kan. 154, 157, 309 P. 2d 409).

Still another is that a general finding made by a trial court determines every controverted question of fact in support of which evidence has been introduced (*Manville v. Gronniger*, 182 Kan. 572, 322 P. 2d 789; *Dryden v. Rogers,* 157, supra; *Sledd v. Munsell,* 149 Kan. 110, 86 P. 2d 567).

And still another is that a verdict or finding of fact made by the trier of the fact and supported by evidence will not be disturbed on appeal. (*Boggs v. City of Augusta*, 180 Kan. 831, 308 P. 2d 72; *Hillebrand v. Board of County Commissioners*, 180 Kan. 348, 351, 352, 304 P. 2d 517; *Hale v. Ziegler*, 180 Kan. 249, 303 P. 2d 190; *Brent v. McDonald*, 180 Kan. 142, 151, 300 P. 2d 396.)

Upon application of the rules to which we have just referred, and in view of what has been previously stated and held, we have no trouble in concluding that appellant's second contention lacks merit and cannot be upheld.

We find nothing in the record or in the claims of error advanced by appellant to warrant a reversal of the judgment. Therefore it must be and is affirmed.