No. 42,016

State Farm Mutual Automobile Insurance Company, *Appellee*, v. Myrl Cromwell and Pan American Casualty Company, *Appellants*, and Everett D. Reid and Elmer Zumalt, *Appellees*.

(358 P. 2d 761)

Opinion filed January 21, 1961.

*Loyd H. Phillips,* of Great Bend, argued the cause and was on the briefs for appellants.

*H. Lee Turner,* of Great Bend, argued the cause and was on the brief for appellee State Farm Mutual Automobile Insurance Company, and *Kurt Riesen,* of Wichita, argued the cause and was on the brief for appellee Everett D. Reid.

The opinion of the court was delivered by

Wertz, J.: The plaintiff (appellee), State Farm Mutual Automobile Insurance Company, brought this action against Myrl

Cromwell and his insurance carrier, Pan American Casualty Company, defendants (appellants), and Everett D. Reid, defendant (appellee), to recover under its subrogation rights for money paid its assured, Elmer Zumalt, by reason of property damage sustained by Zumalt in a three-vehicle collision caused by the alleged negligence of Cromwell and Reid. Zumalt was subsequently made a party defendant. By stipulation of the parties, the cause was tried to the court without a jury.

The allegations of the pleadings will not be narrated. Suffice it to say that plaintiff charged defendants Cromwell and Reid with negligence in certain specified particulars. Defendant-cross petitioner Reid charged defendants Cromwell and Zumalt with certain specified acts of negligence. Defendant Cromwell charged defendant Zumalt and cross petitioner Reid with certain specified acts of negligence. Each party charged that the acts of the others were the proximate cause of the collision and the resultant damage. Replies to the charges denying negligence were filed by the respective parties.

A very brief résumé of the facts as supported by the pleadings and the evidence follows: On May 26, a clear, sunny and dry day, defendant Zumalt, plaintiff's assured, and cross petitioner Reid and defendant Cromwell were involved in a three-vehicle collision on highway K96 near Great Bend. The twenty-four-foot, blacktop highway runs east and west in a rolling and hilly countryside. The point of impact was near an intersection of the highway with a county road running north and south. From the point of impact highway K96 slopes upward to the west, cresting about seven-tenths of a mile away, and slopes upward to the east, cresting approximately 1200 feet away. The intersection is visible at all times from the top of either hill to vehicles approaching from either direction.

On the day in question, a car owned by Mrs. Schwartz had become disabled and had stopped on the mentioned county road to the north of the intersection. Defendant Cromwell, who was driving a two and one-half ton farm truck with stock rack attached west on highway K96, stopped in the westbound lane of traffic about one-half block west of the intersection and started backing his truck east on the highway to render assistance to Mrs. Schwartz. Cross petitioner Reid, traveling west on the same highway, came over the top of the hill to the east of the intersection and saw Cromwell's truck ahead of him in the westbound lane of traffic.

Reid applied his brakes to slow down. The truck appeared to be stopping and Reid thought he had time to stop before reaching it, but when he was about 200 feet from the truck he realized it was backing up in his lane of traffic. Reid then set his brakes. He observed Zumalt's car with two-wheel trailer traveling east on the same highway. Zumalt had also applied his brakes after observing Cromwell's truck. Both Reid and Zumalt, acting in an emergency to avoid an obvious collision, were weaving and crossing over the center line in an attempt to stop. Zumalt's car struck the left rear wheel of Cromwell's truck, and Reid, in an attempt to avoid striking either of the vehicles and to pass them safely, pulled to the left and collided with the right side of Zumalt's car.

The lower court, after hearing the evidence, found that there was nothing in the conduct of either cross petitioner Reid or defendant Zumalt to warrant charging them with contributory negligence, and that defendant Cromwell, in parking on the highway in violation of G. S. 1949, 8-570, was guilty of negligence which was the proximate cause of the collision and resulting damage to the Zumalt and Reid automobiles. The court entered judgment for the plaintiff, and for Reid on his cross petition, against defendants Cromwell and his insurance carrier. From an order overruling the post-trial motions of defendants Cromwell and his insurance carrier, they appeal.

The gist of defendants' contentions is that plaintiff's assured, Zumalt, and cross petitioner Reid were guilty of contributory negligence as a matter of law, barring recovery, and that there was no evidence to support the trial court's judgment.

Defendant Cromwell did not file a timely motion for a directed verdict, and under such circumstances his demurrers to the sufficiency of plaintiff's and cross petitioner's evidence are deemed waived. (*Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295; *Ogilvie v. Mangels,* 183 Kan. 733, 332 P. 2d 581; *In re Estate of Rogers,* 184 Kan. 24, Syl. ¶¶ 2 and 3, 334 P. 2d 830; *Liberty Glass Co. v. Bath,* 187 Kan. 54, 353 P. 2d 786.)

We will examine the record to determine whether there is any evidence to support the trial court's judgment. In so doing, we will call attention to the rule, well established in this state for more than ninety years, that this court accepts as true the trial court's findings of fact when they are based upon competent evidence. On appeal, it is of no consequence that there may have

been contradictory evidence adduced at the trial, which if believed by the trial court would have compelled entirely different findings of fact and an entirely different judgment, and when the error assigned is that the findings and judgment are contrary to the evidence, it is only necessary to consider on appeal whether there is some competent and sufficient evidence upon which the judgment is based. A consideration or recital of the contradictory evidence cannot aid in correctly determining that question. (*Martin v. Hunter*, 179 Kan. 578, 584, 297 P. 2d 153, and cases therein cited; *Huebert v. Sappio*, 186 Kan. 740, 742, 352 P. 2d 939.)

A judgment of the trial court imports a general finding in favor of the prevailing party which determines every controverted question of fact in support of which evidence has been introduced and raises the presumption that all facts necessary to sustain and support the judgment have been found. (*Smith v. Smith*, 186 Kan. 728, 730, 731, 352 P. 2d 1036; *Huebert v. Sappio*, supra; *Dryden v. Rogers*, 181 Kan. 154, 309 P. 2d 409.)

This was purely a fact case, and the negligence of defendant Cromwell, the contributory negligence of defendant Zumalt and cross petitioner Reid, and the proximate cause of the collision and resulting damage were questions of fact properly determined by the trier of the facts; in the instant case, the trial court. (*Mehl v. Carter*, 171 Kan. 597, 237 P. 2d 240; *Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590.) See also 4 Hatcher's Kansas Digest [Rev. Ed.], Negligence, §§ 72-75, inclusive, and West's Kansas Digest, Negligence, § 136 (9), (14), (25), (26).

We stated in *Applegate v. Home Oil Co.*, 182 Kan. 655, 662, 324 P. 2d 203:

"Generally speaking, where there is a question of the negligence of an actor, the causative element of his negligence, *i. e.*, the proximate or legal cause, is ordinarily a question for the jury. [Citing cases.] It becomes a question of law only where the facts are agreed upon and not in dispute. [Citing case.] The same rule is followed where the injury is the result of concurrent negligence. [Citing cases.]"

The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred, an additional condition sometimes stated being that it must appear the injury was anticipated or that it reasonably should have been foreseen by the person sought to be charged with liability.

(*Rowell v. City of Wichita,* supra; *Applegate v. Home Oil Co.,* supra.*)

It is also the rule that the causal connection between an actor's negligence and an injury is broken by the intervention of a new, independent and efficient intervening cause, so that the actor is without liability, is subject to the qualification that if the intervening cause was foreseen or might reasonably have been foreseen by the first actor, his negligence may be considered the proximate cause, notwithstanding the intervening cause. (*Rowell v. City of Wichita,* supra; *Applegate v. Home Oil Co.,* supra.*)

The court by its general judgment for plaintiff and for cross petitioner Reid imports a finding in their favor upon all issues in the case, including the finding that plaintiff's assured, Zumalt, and cross petitioner Reid were not guilty of any negligence which was the proximate cause of the collision and resulting damage, and that the negligence of defendant Cromwell was the sole and proximate cause of such collision and damage.

No useful purpose would be gained in narrating all the evidence in this case. Suffice it to say that Cromwell, in violation of G. S. 1949, 8-570, stopped his truck upon the highway in the main lane of traffic when there was no reason why he could not have driven his vehicle off the highway. Both Zumalt and Reid had a right to assume, in the operation of their respective vehicles, that others using the highway would observe the law. They had a right to rely on that assumption until they had knowledge to the contrary. (*Siegrist v. Wheeler,* 175 Kan. 11, 259 P. 2d 223; *Winfough v. Tri-State Insurance Co.,* 179 Kan. 525, 297 P. 2d 159; *Koch v. Suttle,* 180 Kan. 603, 607, 306 P. 2d 123.)

The eastbound lane in which Zumalt was traveling was clear until he was approximately 150 feet west of the Cromwell truck, at which time he saw Reid's car cross over into his (Zumalt's) lane of travel. He then applied his brakes in an attempt to avoid a head-on collision. Reid, after coming over the top of the hill, saw the Cromwell truck and slackened his speed. However, he did not realize the truck was backing up in his lane of traffic until he was about 200 feet from it, at which time he set his brakes and swerved to the left in an attempt to avoid striking either the truck or the Zumalt car. Zumalt, in order to avoid striking Reid, turned to his left and struck the left rear wheel of the Cromwell truck, and Reid struck the right side of the Zumalt car. It is apparent from this evidence

that the proximate cause of the injury as found by the trial court was the negligence of defendant Cromwell.

Other matters raised by the defendants (appellants) have been found to be without merit. The judgment of the trial court is affirmed.

It is so ordered.