Nos. 42,326 and 42,327

DOLLIE STUMFOLL and EDWARD STUMFOLL, *Appellants*, v. WOODROW INMAN, W. E. MITCHELL, FREETO CONSTRUCTION COMPANY, a corporation, and INDEPENDENT CONSTRUCTION COMPANY, a corporation, *Appellees*.

(363 P. 2d 443)

Opinion filed July 8, 1961.

*Pete Farabi*, of Pittsburg, argued the cause, and *Joe L. Henbest*, of Columbus, was with him on the briefs for appellants.

*Douglas G. Hudson*, of Fort Scott, argued the cause, and *Murvyl M. Sullinger*, of Pittsburg, and *Douglas Hudson* and *Howard Hudson*, of Fort Scott, were with him on the briefs for appellees Woodrow Inman and W. E. Mitchell. *Paul L. Wilbert*, of Pittsburg, argued the cause, and *Randall D. Palmer* and *E. Carter Botkin*, of Pittsburg, were with on the briefs for appellee Freeto Construction Company, a corporation.

The opinion of the court was delivered by

FATZER, J.: These actions were to recover damages for injuries sustained in a car-truck collision. The principal question presented is whether service of summons was properly had upon defendant

Woodrow Inman in Cherokee County, Kansas. It is conceded that all other defendants, W. E. Mitchell, Freeto Construction Company, a corporation, and Independent Construction Company, a corporation, hereafter referred to as Mitchell, Freeto, and Independent, were served with summons elsewhere. Hence, if service of summons upon Inman was not proper in Cherokee County the actions cannot be maintained there, but must necessarily be tried in Linn County, Kansas, where identical suits are pending and service of summons has been obtained upon all the defendants. Since both appeals present the identical question, they were ordered consolidated.

The plaintiffs commenced these actions on September 17, 1958, and alleged their injuries resulted from a collision on October 4, 1956, in Crawford County, between an automobile owned by Edward Stumfoll and driven by Dollie Stumfoll, his wife, and a dump truck driven by defendant Woodrow Inman. It was further alleged that Inman was the agent, servant, and employee of defendants Mitchell, Freeto and Independent. The original summons dated September 17, 1958, showed on the return, "September 27, 1958, I cannot find the following named defendant in my county: Woodrow Inman. s/William M. Crain, Sheriff of Cherokee County, Kansas. By P. L. Grant, Deputy Sheriff."

An amended petition was filed on September 30, 1958. On the same day an alias summons was issued and a return was made by the deputy sheriff that he served the summons on September 30, 1958, by leaving a certified copy thereof at Inman's "usual place of residence" (G. S. 1949, 60-2507)—"left with Mrs. Dardene, a sister," who resides at 124 West 13th Street in Baxter Springs.

Special appearances were made by all the defendants who filed separate motions to quash the pretended summons and the pretended service of summons upon the grounds of insufficiency of process and service of process and that the return on the pretended summons was void and of no effect conferring no jurisdiction upon the district court.

On June 30, 1960, a hearing was held on defendant Inman's and Mitchell's motions to quash. The only evidence was by affidavits, and the motions were overruled. On a date not appearing in the record, those defendants filed separate motions to reconsider their motions to quash upon the grounds of accident and surprise, and because of newly discovered evidence.

On July 12, 1960, a hearing was had upon the motions to reconsider and upon Freeto's and Independent's motions to quash the pretended summons and pretended service of summons. Oral testimony and affidavits were presented by the defendants in support of the motions, and plaintiffs presented oral testimony against the motions. Arguments of counsel were made, and the court took the motions under advisement.

On August 5, 1960, the court, after considering the oral testimony and affidavits and briefs submitted by the parties, found that the motions to reconsider should be sustained and the previous order of June 30, 1960, should be set aside, and that all motions to quash should be sustained. Judgment was entered quashing the pretended praecipe of summons, the pretended summons, and the pretended service of summons upon Inman and upon the other non-resident defendants of Cherokee County. Hence, these appeals.

The judgment quashing the service of summons imports a general finding in favor of the defendants which determined every controverted question of fact in support of which evidence was introduced, and raises the presumption that all facts necessary to sustain and support the judgment were found (*Dryden v. Rogers*, 181 Kan. 154, 157, 309 P. 2d 409; *Smith v. Smith*, 186 Kan. 728, 730, 731, 352 P. 2d 1036). Consequently, the sole question presented is whether there was substantial evidence to support the district court's finding that Inman was not served with summons by leaving a copy thereof at his "usual place of residence." The evidence was conflicting and we deem it unnecessary to narrate all the testimony. In harmony with the well-established rule that the supreme court will not weigh conflicting evidence nor pass upon the credibility of witnesses in determining whether findings are supported by substantial evidence (*Bank v. Amend*, 107 Kan. 25, 190 P. 739; *Brown v. Brown*, 146 Kan. 7, 68 P. 2d 1105; *Mann v. Staatz*, 156 Kan. 275, 133 P. 2d 103; *Rupp v. Rupp*, 170 Kan. 651, 328 P. 2d 692; *State Farm Mutual Automobile Ins. Co. v. Cromwell*, 187 Kan. 573, 576, 358 P. 2d 761; *Sutherland v. Sutherland*, 187 Kan. 599, 603, 358 P. 2d 776; 1 Hatcher's Kansas Digest, Appeal and Error, §§ 504, 505, 507 and 508), we review the record to ascertain whether there was evidence which supports or tends to support the finding that Inman's residence was not at his sister's home at 124 West 13th Street, Baxter Springs. In our review, a consideration or recital of the contradictory evidence would not aid in correctly determining that question

(*Martin v. Hunter*, 179 Kan. 578, 584, 297 P. 2d 153; *Huebert v. Sappio*, 186 Kan. 740, 742, 352 P. 2d 939).

Pertinent parts of the testimony are summarized: Inman was a single man 47 years of age, and both he and his sister, Mrs. Dardene, testified that he did not reside at her home in Baxter Springs on September 30, 1958. Inman first learned these actions had been commenced in Cherokee County when he visited Mrs. Dardene over a weekend in 1958 and she gave him the summons. He testified that on September 30, 1958, he was living in an apartment in Arkansas City where he was employed and that he had resided there for a year and a half to two years; that he had no personal effects at Mrs. Dardene's home on September 30, 1958, nor had he had any personal property at her place for two years prior, however, he kept some clothing at a brother's place about four miles east of Baxter Springs; that in 1958 he moved from Arkansas City to Kingman where he rented an apartment, had his own dishes and cooking utensils, and was employed there for about one year; that he then moved to Ulysses, and from there went to Woodson County where he worked on the Toronto Dam. After completing his work there, he went to his brother's home east of Baxter Springs where he stayed two weeks and from there he went to Kansas City, where he now resides. Inman further testified he owned no property nor did he vote in Cherokee County in 1957 or 1958 nor had he voted there since; that between jobs he visited with his two sisters who lived in Baxter Springs and with his two brothers who lived near the city, but he never knew when he would be at one place or another, "so he visited around with all of them"; that he was assessed and paid personal property taxes in Kingman County in 1958, and that he did not help maintain Mrs. Dardene's home in any way, did not pay any rent nor contribute to his sister's support.

Mrs. Dardene testified that she lived at 124 West 13th Street, Baxter Springs, and on September 30, 1958, she found the summons for Inman fastened to the screen door at her home; that Inman did not help keep up her house in any way, paid no rent nor made any contribution to her support; that he had no clothing or personal property there; that he had been gone from her home a week or two and she gave him the summons "when he first came back," but she did not remember the date. She further testified that he had other brothers and sisters in and near Baxter Springs and that between jobs he visited around with all of them.

Counsel for the plaintiffs testified that he corresponded with Inman in 1947 and 1948 at the time of his divorce; that letters were addressed to him at Galena and Baxter Springs; that some replies were received from Galena and some from Baxter Springs, and at the time the divorce was granted Inman lived at Route 2, Galena; that at a later date Inman lived with another relative out in the country and later moved to Baxter Springs. The county clerk of Cherokee County testified by affidavit that Inman had not been assessed for personal property in Cherokee County in 1958.

It can hardly be argued there was no substantial evidence to support the district court's finding that Inman did not have an established · residence with Mrs. Dardene on September 30, 1958. Plaintiffs cite *Irvin v. Irvin,* 182 Kan. 563, 322 P. 2d 794, and *Arnette v. Arnette,* 162 Kan. 677, 178 P. 2d 1019, on the question of when a *change* of residence is legally effective, and contend the uncontroverted evidence showed that Inman had established and intended to maintain his permanent domicile and residence at Baxter Springs, and, therefore, residence service of summons on him at 124 West 13th Street, was valid legal service and the motions to quash should have been overruled. We do not agree. The service was a nullity for at least two reasons. In the first place, the court never found that 124 West 13th Street, Baxter Springs, was Inman's established residence which would presume to continue until it was clearly shown to have been abandoned. The evidence is clear that Inman had no residence, usual or otherwise, at Mrs. Dardene's home in Baxter Springs at any time. Further, it is clear he did not adopt it as the place he usually occupied, nor was it his place of habitation in any sense of the word. His infrequent presence there was temporary and for visitation purposes only, and was not his settled abode where he intended to remain permanently even for a time, or to which he expected to return to live when absent. In light of the statute (G. S. 1949, 77-201, *Twenty-fourth*) and the evidence, his established residence was in his apartment in Arkansas City on September 30, 1958, when service of summons was attempted to be made upon him at 124 West 13th Street, Baxter Springs. In the second place, while there was testimony that Inman considered Cherokee County his home, and that he always called Baxter Springs his home and went there to pick up his personal mail, evidence of those facts was not proof that 124 West 13th Street, Baxter Springs, was his usual place of residence. The statute does

not contemplate an entire community as synonymous with "usual place of residence." Testimony that counsel corresponded with Inman through general delivery, Baxter Springs, or testimony to the effect that Inman referred to Baxter Springs as his home when he was living elsewhere and working on various jobs is not proof that his usual place of residence was at Mrs. Dardene's home at 124 West 13th Street, Baxter Springs. The authorities relied upon are sound and we adhere to them, but from the plaintiffs' standpoint they are not helpful since the district court did not find that 124 West 13th Street, Baxter Springs was ever Inman's residence, and there is ample evidence to support the finding that it was not.

While every person must have a domicile somewhere, and when the jurisdiction of a court is under consideration, residence as defined in the statute (G. S. 1949, 77-201, *Twenty-third*) is substantially the equivalent of domicile (*Ford, Adm'x, v. Peck*, 116 Kan. 74, 225 P. 1054; *Arnette v. Arnette,* supra; *Irvin v. Irvin,* supra), we hold there was substantial evidence to support the district court's finding that Inman's residence was not at 124 West 13th Street, Baxter Springs. The district court did not err in sustaining the defendants' motions to quash the pretended service of summons (*O'Neil v. Eppler*, 90 Kan. 314, 133 P. 705). This conclusion requires an affirmance of the judgment of the district court.

It is so ordered.